# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ALI DUHALY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-4158 |
| | § | |
| | § | |
| THE CINCINNATI INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

In October 2018, Ali Duhaly sued The Cincinnati Insurance Company in Texas state court, alleging that Cincinnati was liable for Duhaly's injuries from a car accident with Broderick Williams. (Docket Entry No. 1-3). While Duhaly alleged that Williams was negligent, he did not name Williams as a defendant. (*Id.*). Cincinnati timely removed in November 2018. (Docket Entry No. 1). Duhaly moves to amend to add Williams as a defendant and to remand based on the proposed amended complaint because Williams's presence destroys the parties' diversity. (Docket Entry Nos. 17, 18, 20, 21). Cincinnati has responded, and Duhaly replied. (Docket Entry Nos. 25, 29).

Based on the motions, response, and reply; the pleadings; the record, the parties' arguments at the hearing; and the applicable law, the court denies Duhaly's motions to amend and remand. (Docket Entry Nos. 17, 18, 20, 21).

Federal Rule of Civil Procedure 15(a) provides "the court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). Leave is not automatic but is within the district court's discretion. *Moore v. Manns*, 732 F.3d 454 (5th Cir. 2013). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). When a party seeks to amend pleadings to add a new, nondiverse party, the court should scrutinize the amendment "more closely than an ordinary amendment." *Moore*, 732 F.3d at 456 (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).

To determine whether to permit joinder of a nondiverse party, the district court must balance the equities using four factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other equitable factors. *Hensgens*, 833 F.2d at 1182; *see also Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013) (the *Hensgens* factors are the correct legal standard for considering whether joining nondiverse parties after removal should be allowed).

The first factor weighs in favor of denying Duhaly's motion for leave to amend. "When courts analyze the first *Hensgens* factor, they consider whether the plaintiffs knew or should have known the identity of the nondiverse defendant when the state court complaint was filed." *Priester v. Long Beach Mortg. Co.*, No. 4:10-cv-641, 2011 WL 6116481, at *2 (E.D. Tex. Dec. 8, 2011) (quoting *Tomlinson v. Allstate Indem. Co.*, No. Civ. A. 06-0617, 2006 WL 1331541, at *3 (E.D. La. May 12, 2006); *Irigoyen v. State Farm Lloyds*, No. 03-0324, 2004 WL 398553, at *3 (S.D. Tex. Jan. 5, 2004)), *aff'd* 708 F.3d 667, 679 (5th Cir. 2013). The record is clear that Duhaly knew of Williams

when he filed the state-court petition. *Razo v. Home Depot U.S.A., Inc.*, No. 4:14-cv-428-A, 2014 WL 3869382, at *3 (N.D. Tex. Aug. 6, 2014) (the first factor weighed against joinder when the plaintiff was aware that an unknown employee had caused the accident that harmed him, yet sued only the employer). Duhaly's state-court petition mentioned Williams and stated that Williams was negligent but did not name Williams as a party. (Docket Entry No. 1-3 at 6-7). Duhaly's explanation is that his prior counsel "perhaps was not aware of the need" to have Williams as a defendant. (Docket Entry No. 29 at 2). While Duhaly may have a valid claim against Williams, Duhaly fails to point to case law supporting that the change in counsel excuses the failure to add a known party or point to newly discovered evidence that might explain why he failed to add a known party.

The second factor also weighs in favor of denying Duhaly's motion for leave to amend. "Although courts generally find that a plaintiff 'is not dilatory in seeking to amend a complaint when no trial or pretrial dates were scheduled and no significant activity beyond the pleading stage has occurred,' the analysis is different when the proposed amendment is to add nondiverse defendants shortly after removal based on federal diversity jurisdiction." *Multi-Shot, LLC v. B&T Rentals, Inc.*, H-09-3283, 2010 WL 376373, at * 9 (S.D. Tex. Jan. 26, 2010) (citation omitted) (quoting *Smith v. Robin Am., Inc.*, No. 08-3565, 2009 WL 2485589, at *6 (S.D. Tex. Aug. 7, 2009)). "In such a circumstance, '[a] delay of two months after the filing of the original complaint or almost thirty days after the notice of removal has been found dilatory.'" *Id.* (quoting *Irigoyen v. State Farm Lloyds*, No. 03-0324, 2004 WL 398553, at *4 (S.D. Tex. Jan. 5, 2004)).

Duhaly filed his motion for leave to amend on April 8, 2019, nearly six months after he filed his original petition and five months after Cincinnati removed. (*See* Docket Entry Nos. 1, 1-3,

3

17-18). Courts have found shorter periods dilatory. *Wells v. Chesapeake Energy Corp.*, No. H-15-1856, 2016 WL 1182247, at *3 (S.D. Tex. Mar. 28, 2016) (a three-month delay was dilatory); *W&L Ventures, Inc. v. East West Bank*, No. H-13-00754, 2014 WL 1248151, at *3 (S.D. Tex. Mar. 26, 2014) (a motion filed just over a month after the petition was filed and three days after it was removed was a neutral factor). The timing here is also clearly dilatory in light of the scheduling and docket control order the court entered at the parties' status conference in March 2019, with counsels' agreement. (Docket Entry No. 13). At that hearing, both parties agreed that no new parties were required. (*See* Docket Entry No. 22 at 7-8). Duhaly argues that his amended complaint will not delay litigation because, when the motion was filed, Cincinnati had "not sought any discovery . . . and ha[d] not requested any depositions of Plaintiff's witnesses." (Docket Entry No. 18 at 2). However, Cincinnati has sought discovery, and Duhaly has been deposed. Duhaly also argues that his delay should be excused because he has new counsel who appeared on the same day that the motions to amend and remand were filed. (Docket Entry No. 29 at 2). He points to no cases suggesting that the change of counsel six months after filing suit is a valid excuse for delay. Based on the delay between the filing of the state-court petition and the motion to amend, the second factor weighs against granting Duhaly leave to amend his complaint.

The third *Hensgens* factor also weighs against allowing the amendment. "Courts analyzing the third *Hensgens* factor look to (i) whether the already named diverse defendant would be unable to satisfy a future judgment, and (ii) whether the possibility of a separate state court proceeding weighs against denying the proposed amendment because of the inefficiency of parallel proceedings or because such proceedings would place a financial burden on the plaintiff." *Agyei Endurance Power Prods.*, 198 F. Supp. 3d 764, 777 (S.D. Tex. 2016). Cincinnati argues that Duhaly will not

4

be injured if joinder is denied, citing *Sterling v. Zurich American Insurance Co.*, No. 4:09-CV-510-A, 2009 WL 3415789 (N.D. Tex. Oct. 22, 2009), in support. (Docket Entry No. 25 at 9). In *Sterling*, a plaintiff sued an insurance company in state court and sought to join additional parties and remand after the insurance company removed to federal court. *Id.* at *1. The district court noted that the plaintiff's state-court petition discussed allegedly negligent actions of the adjuster without naming the adjuster as a defendant and adding that adjuster would destroy diversity of citizenship. *Id.* When assessing the third *Hensgens* factor, the court concluded that the record did not indicate that the diverse defendants were unable to satisfy a judgment without the adjuster; that the adjuster had a possible limitations defense that would mitigate any prejudice of denying the joinder motion; and the additional costs of a parallel litigation in state court against the adjuster were not significantly prejudicial. *Id.* at *2. Like in *Sterling*, Cincinnati argues that "there is nothing to indicate that Cincinnati would be unable to satisfy any judgment favoring [Duhaly] without Mr. Williams' help." (Docket Entry No. 25 at 9). According to Cincinnati, Williams may also have a statute-of-limitations defense against Duhaly, which "reduces the likelihood of prejudice or injury to [Duhaly]." (*Id.*).

"[S]cant possibility of recovery against [nondiverse defendants]" does not support a finding of significant injury. *Smith v. Robin Am., Inc.*, 2009 WL 2485589, at *6 (S.D. Tex. Aug. 7, 2009); *see also Andrews Restoration, Inc. v. Nat'l Freight, Inc.*, 2015 WL 4629681, at *6 (Aug. 4, 2015). As Cincinnati points out, the limitations defense Williams may have against Duhaly's claim makes recovery against him unlikely, and nothing in the record shows that Cincinnati would be financially unable to fully satisfy a judgment without joining Williams. *See Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 892 (S.D. Tex. 2010) (no significant injury from denial of joinder because the record

5

did not show original defendant could not satisfy a judgment); *O'Connor v. Auto. Ins. Co. of Hartford Conn.*, 846 F. Supp. 39, 41 (E.D. Tex. 1994) (no joinder when the two original defendants could "satisfy a future judgment" without joining the nondiverse defendant). Duhaly admits that "the applicable statute of limitations has run." (Docket Entry No. 29 at 3). He does not argue that he faces a significant financial burden if he brings a separate case against Williams, but instead argues that separate lawsuits would be prejudicial because "Plaintiffs in personal injury lawsuits often fare worse in federal court than they do in state court." (*Id.*). The third *Hensgens* factor weighs against allowing the amendment.

The final factor asks about other equitable factors, which include whether granting leave to amend would deprive a defendant of a properly invoked federal forum and whether denying leave to amend would result in parallel state-court proceedings. *Gallegos v. Safeco Ins. Co.*, No. H-09-2777, 2009 WL 4730570, at *5 (S.D. Tex. Dec. 7, 2009). Cincinnati has properly invoked this federal forum. Cincinnati also argues that Duhaly's counsel has indicated that Duhaly's purpose for adding Williams as a party is to secure remand. (Docket Entry No. 25 at 6). According to Cincinnati, Duhaly offered to enter a nonsuit without prejudice if the litigation could return to state court, but Cincinnati refused. (*Id.*). Cincinnati also attaches to its response a March 2019 demand to settle the claim from Duhaly that stated that "if [the parties] cannot reach a settlement in this matter," Duhaly would "attempt to sue the underinsured driver, Mr. Williams, in an attempt to remand this matter back to State Court." Duhaly argues only that the presence of new counsel weighw in favor of allowing him to amend. (Docket Entry No. 29 at 4). He has not replied to Cincinnati's allegations that he seeks to amend purely to secure remand.

6

The factors all weigh against granting Duhaly leave to amend. Without amendment, there is no basis to remand. The motion for leave to amend, (Docket Entry Nos. 17, 18), and the motion to remand, (Docket Entry Nos. 20, 21), are denied.

SIGNED on May 10, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge