IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALI DUHALY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-4158 |
| | § | |
| THE CINCINNATI INSURANCE COMPANY, | § § § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM & ORDER

Ali Duhaly moves to strike the deposition of Andrew Garcia, alleging that Duhaly's lead counsel did not receive adequate notice of Cincinnati Insurance's intent to depose Garcia. (Docket Entry No. 32). Cincinnati Insurance emailed and faxed the notice to Shawn Ozlat, Duhaly's counsel of record, but did not also send it to David Mestemaker, who filed a notice of appearance as Duhaly's "lead counsel" the same day Cincinnati Insurance sent the deposition notice. (Docket Entry No. 33 at 3, 5; Docket Entry No. 16). Duhaly asserts that because the notice was not sent to Mestemaker in addition to Ozlat, the court should strike Garcia's deposition. (Docket Entry No. 32 at 1). Cincinnati Insurance responds that because Ozlat received actual notice; Ozlat did not withdraw but remained counsel of record in addition to Mestemaker appearing as "lead counsel"; and Mestemaker knew of the deposition notice and date in advance, the court should not strike Garcia's deposition. (Docket Entry No. 33 at 4).

Federal Rule of Civil Procedure 30(b)(1) requires "reasonable written notice" to parties before a deposition. FED. R. CIV. P. 30(b)(1). Notice "must be served on the opposing parties under Rule 5, which provides that 'service on a party represented by an attorney is made on the attorney unless the court orders service on the party.'" *Scottsdale Ins. Co. v. Educ. Mgmt., Inc.*,

No. 04-1053, 2006 WL 2583324, at *2 (E.D. La. Aug. 31, 2006); *see also* FED. R. CIV. P. 5(b)(1); *Chagas v. United States*, 369 F.2d 643, 644 (5th Cir. 1966) (per curiam) ("The Courts have held that where a Notice to Take Deposition is served upon the party's attorney of record and no motion for relief is filed on behalf of that party that it must be considered as if the Court had directed the depositions to be taken.").

Rule 5(b)(2)(E) allows for service of a notice electronically when the person being served has consented to electronic service in writing. FED. R. CIV. P. 5(b)(2)(E). Consent to electronic service under Rule 5(b)(2)(E) "must be expressly given, in writing, and it cannot be implied." *Moore v. Valero Ardmore Refinery*, No. 3:14-MC-00103-M, 2015 WL 129985, at *2 (N.D. Tex. Jan. 9, 2015); *see* FED. R. CIV. P. 5, Advisory Committee notes to 2001 Amendments ("The consent must be express, and cannot be implied from conduct"); *Standard Morgan Partners, Ltd. v. Union Ins. Co.*, No. H-09-4145, 2011 WL 1806499, at *1 (S.D. Tex. May 11, 2011) ("[E]lectronic service is permissible only when the person served has agreed to such service in writing."). Under Local Rule 83.3, "all communications about an action" must "be sent to the attorney-in-charge," but Rule 5(b) "does not require service on each of several counsel appearing on behalf of a party." *Daniel Int'l Corp. v. Fishback & Moore, Inc.*, 916 F.2d 1061, 1063 (5th Cir. 1990).

While Rule 30(b)(1) does not define "reasonable written notice," courts within the Fifth Circuit have held that at least ten days is normally required. *See, e.g., Keybank Nat'l Ass'n v. Perkins Rowe Assocs., LLC*, No. 09-497-JJB-SCR, 2010 WL 1252328, at *3 (M.D. La. Mar. 24, 2010) (notices "served on February 8 for depositions to be taken on February 11–15" were not reasonable notice); *Tradewinds Envtl. Restoration, Inc. v. St. Tammany Park, LLC*, No. 06-00593, 2008 WL 449972, at *2 (E.D. La. Feb 14, 2008) (the court previously held that four business days is not "reasonable written notice" (citing *Auto Club Family Ins. v. Provosty*, No. 05-6482, 2006

WL 2568054, at *2 (E.D. La. Sept. 5, 2006))); *Cleveland v. Coldwell Banker Real Estate Corp.*, No. 4:05CV10-M-A, 2008 WL 141195, at *1 (N.D. Miss. Jan 10, 2008) ("This court has routinely held that 'reasonable written notice' should be at least 10 calendar days."); *see also Reedy v. CITGO Petroleum Corp.*, No. CV H-10-2971, 2011 WL 13350687, at *6 (S.D. Tex. Dec. 1, 2011) (15-day notice of the depositions at issue was sufficient).

Duhaly asserts that he did not receive "reasonable written notice" of Cincinnati Insurance's intent to depose Andrew Garcia because Cincinnati Insurance did not give notice to David Mestemaker, Duhaly's then-lead counsel. Duhaly has not cited a rule or case to support his assertion. (Docket Entry No. 32). Rule 5(b) "does not require service on each of several counsel appearing on behalf of a party." *Daniel Int'l Corp.*, 916 F.2d at 1063; *see also Cooper v. Lewis*, 644 F.2d 1077, 1082 (5th Cir. 1981) (each party is considered to have notice of all facts of which its attorney may be charged with notice).

The record shows that Cincinnati Insurance sent the deposition notice to Ozlat, who remained one of Duhaly's attorneys, by email at 4:54 p.m. and fax at 4:49 p.m. on April 8, 2019. (Docket Entry No. 33-1). Mestemaker filed his appearance as "lead counsel" at 4:42 p.m. on April 8, 2019, only 7 minutes before the defendants sent the deposition notice to Ozlat, who was and is still a counsel of record for Duhaly. (*See* Docket Entry Nos. 33-2, 33-3, 16). Duhaly has conceded that even if Mestemaker did not receive a copy of the notice, he knew of the deposition because he tried to reschedule it before the scheduled date. (Docket Entry No. 32 at 1). Cincinnati Insurance was not required to send the notice to all the attorneys representing Duhaly. *Rushing v. Bd. of Supervisors of the Univ. of La. Sys.*, 270 F.R.D. 259, 261 (M.D. La. 2010). "Any lack of communication or coordination among counsel was for them to resolve." *Id.*

Duhaly consented to electronic service by serving discovery responses on Cincinnati Insurance by fax, which included a signed certificate of service. (*See* Docket Entry Nos. 33-2, 33–3, 33-6). Cincinnati Insurance's method of notice was reasonable. Cincinnati Insurance sent the deposition notice 58 days before the deposition date, which amply meets the standard commonly used by Fifth Circuit courts that notice be given "at least 10 calendar days" before the deposition. *Cleveland*, 2008 WL 141195, at *1. Because Cincinnati Insurance gave Duhaly's counsel "reasonable written notice" electronically 58 days before the deposition date, Duhaly's motion to strike Garcia's deposition is denied. (Docket Entry No. 32).

SIGNED on July 16, 2019, at Houston, Texas.

                                                                        _____
                                                                                Lee H. Rosenthal
                                                                        Chief United States District Judge