IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALI DUHALY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-4158 |
| | § | |
| THE CINCINNATI INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM & OPINION**

Ali Duhaly sued The Cincinnati Insurance Company, alleging breach of contract and negligence based on Cincinnati's failure to pay under his employer's insurance policy for his injuries from a car accident with a third party. (Docket Entry No. 1-3). Cincinnati moved for summary judgment, and Duhaly responded. (Docket Entry Nos. 36, 38).

The court grants Cincinnati's motion for summary judgment as to Duhaly's negligence claim. (Docket Entry No. 36). The court dismisses, without prejudice, Duhaly's breach-of-contract claim because the court lacks subject-matter jurisdiction to consider it. An order of dismissal is separately entered.

The reasons for these rulings are discussed below.

**I.     Background**

In February 2017, Buyers Barricades hired Duhaly as a "traffic control tech." (Docket Entry No. 37-3 at 3; *see* Docket Entry No. 37-4 at 10–11). In April 2017, Duhaly was in the passenger seat of a Buyers Barricades Ford F650 truck when Broderick Williams, driving a Dodge Magnum station wagon, hit the rear of the truck. (Docket Entry No. 37-4 at 10, 19; Docket Entry No. 37-5; Docket Entry No. 37-6 at 18, 27). The impact crumpled the truck's Scorpion Truck

Mounted Attenuator, which absorbs the impact of a rear-end collision. (*See* Docket Entry No. 37-5; Docket Entry No. 37-6 at 18, 27–28, 157–58, 160–61; Docket Entry No. 37-7 at 36). Williams had no insurance. (Docket Entry No. 37-5).

Duhaly and the other Buyers Barricades employee in the truck went to the hospital. (Docket Entry No. 37-4 at 23–24; Docket Entry No. 37-6 at 33–34, 161–62). Duhaly was off work at least two days. He returned to work without restrictions. (Docket Entry No. 37-6 at 43).

Buyers Barricades had an insurance policy with Cincinnati effective from June 11, 2015, to June 11, 2018. The policy covered damage or injury for vehicle collisions caused by an uninsured or underinsured motorist. (Docket Entry No. 37-2 at 1, 6, 28–33). The uninsured/underinsured motorist coverage stated that Cincinnati would "pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or operator of . . . [a]n uninsured motor vehicle" to which "no liability bond or policy applies at the time of the accident" or an underinsured motor vehicle to which the insurance coverage is insufficient to cover the damages. (*Id.* at 28, 32).

In October 2018, Duhaly sued Cincinnati in Texas state court, and Cincinnati timely removed. (Docket Entry Nos. 1-3, 1). Duhaly asserts breach of contract and negligence claims against Cincinnati for failing to pay for his injuries caused by the April 2017 accident. (Docket Entry No. 1-3 at ¶¶ 9–11, 14). He seeks damages, including for current and future physical pain and disability, mental anguish, loss of earnings, medical expenses, and emotional distress. (*Id.* at ¶ 12). Cincinnati moves for summary judgment, arguing that Duhaly's claims fail as a matter of law. (Docket Entry No. 36).

## II.     The Legal Standard

"Summary judgment is appropriate only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Vann v. City of Southaven*, 884 F.3d 307, 309 (5th Cir. 2018) (citations omitted); *see also* FED. R. CIV. P. 56(a). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Burrell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Brandon v. Sage Corp.*, 808 F.3d 266, 269–70 (5th Cir. 2015) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating . . . that there is an issue of material fact warranting trial.'" *Kim v. Hospira, Inc.*, 709 Fed. App'x 287, 288 (5th Cir. 2018) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n.16 (5th Cir. 1994)). A fact is material if "its resolution could affect the outcome of the actions." *Aly v. City of Lake Jackson*, 605 Fed. App'x 260, 262 (5th Cir. 2015) (citing *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007)). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be

denied, regardless of the nonmovant's response." *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Bailey v. E. Baton Rouge Par. Prison*, 663 Fed. App'x 328, 331 (5th Cir. 2016) (quoting *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010)). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Jurach v. Safety Vision, LLC*, 642 Fed. App'x 313, 317 (5th Cir. 2016) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Darden v. City of Fort Worth*, 866 F.3d 698, 702 (5th Cir. 2017).

## III. Analysis[1]

### A. Duhaly's Breach-of-Contract Claims

Cincinnati argues that the court lacks subject-matter jurisdiction over Duhaly's breach-of-contract claims because those claims are not ripe. (Docket Entry No. 37 at 9–12). Cincinnati asserts that because the policy gave Buyers Barricades uninsured/underinsured motorist coverage for "sums the 'insured' is legally entitled to recover," and Buyers Barricades has not received a judgment on the liability or uninsured status of the motorist who caused the accident, Duhaly's

---

[1] The summary judgment evidence includes Buyers Barricades's policy; Duhaly's interrogatory answers; Buyers Barricades supervisor Andy Garcia's deposition; the crash report for the April 2017 accident; Duhaly's January 2019 deposition; the deposition of Matthew Lopez, a Buyers Barricades employee; Duhaly's original petition; and Duhaly's amended complaint, which the court denied him leave to file. (Docket Entry Nos. 37-2, 37-3, 37-4, 37-5, 37-6, 37-7, 37-8, 38-1, 38-2, 38-3).

4

breach-of-contract claim is not ripe. (*Id.* at 10–11). Duhaly responds that Cincinnati's argument "is specious and is an utter waste of time," arguing that Cincinnati's refusal to pay what Duhaly is allegedly owed is enough to survive summary judgment. (Docket Entry No. 38 at 1, 4–5).

Cincinnati's argument implicates this court's subject-matter jurisdiction. Article III of the Constitution limits federal courts to deciding "cases" and "controversies," which "must be ripe for decision, meaning that [they] must not be premature or speculative." *Shields v. Norton*, 289 F.3d 832, 834–35 (5th Cir. 2002). "[A] court has no power to decide disputes that are not yet justiciable." *Lopez v. City of Houston*, 617 F.3d 336, 341 (5th Cir. 2010). "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *Monk v. Huston*, 340 F.3d 279, 282 (5th Cir. 2003).

To determine ripeness, courts "evaluate (1) the fitness of the issues for judicial resolution, and (2) the potential hardship to the parties caused by declining court consideration." *Lopez*, 617 F.3d at 341. "Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review." *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000). "If the purported injury is 'contingent [on] future events that may not occur as anticipated, or indeed may not occur at all,' the claim is not ripe for adjudication." *Lopez*, 617 F.3d at 342 (alteration in original) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)).

Under Buyers Barricades's policy with Cincinnati, an "insured" includes Buyers Barricades's employees using the company's covered vehicles while doing business for the company. (Docket Entry No. 37-2 at 36). In the event of an accident involving a Buyers Barricades vehicle, Cincinnati must:

> pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or operator of:

5

      a.      An "uninsured motor vehicle" . . . because of "bodily injury" or "property damage":

           (1)     Sustained by the "insured"; and

           (2)     Caused by an "accident[."]

      b.      An "uninsured motor vehicle" . . . because of "bodily injury" or "property damage" sustained by an "insured."

(Docket Entry No. 37-2 at 28).

Interpreting the phrase "legally entitled to recover" in a similar provision, the Texas Supreme Court held that an "insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and [uninsured] status of the other motorist." *Brainard v. Trinity Universal Ins. Co.,* 216 S.W.3d 809, 818 (Tex. 2006). The court explained:

> The [uninsured/underinsured motorist] contract is unique because, according to its terms, benefits are conditioned upon the insured's legal entitlement to receive damages from a third party. Unlike many first-party insurance contracts, in which the policy alone dictates coverage, [uninsured/underinsured motorist] insurance utilizes tort law to determine coverage. Consequently, the insurer's contractual obligation to pay benefits does not arise until liability and damages are determined.

*Id.* To determine the liability of the uninsured motorist and the resulting damages, the insured may obtain a judgment against the tortfeasor or "may settle with the tortfeasor . . . and then litigate [uninsured/underinsured motorist] coverage with the insurer." *Id.*

Duhaly has neither offered nor identified summary judgment evidence controverting the absence of a judgment establishing Williams's liability, his uninsured status, or the damages. Because Cincinnati's contractual duty to pay uninsured/underinsured motorist benefits does not arise until Duhaly or Cincinnati obtains this judgment, Cincinnati has not yet breached the insurance contract, and the claim is unripe. *Cf. Owen v. Emp'rs Mut. Cas. Co.,* No. 3:06–CV–1993–K, 2008 WL 833086, at *2 (N.D. Tex. Mar. 28, 2008) (granting the insurer's motion to

dismiss a contract-breach claim because there was "no previous [judicial] determination of [the underinsured motorist's] liability and uninsured/underinsured status in the record"); *Schober v. State Farm Mut. Auto. Ins. Co.,* No. 3:06–CV–1921–M, 2007 WL 2089435, at *3 (N.D. Tex. July 18, 2007) ("[T]he Schobers fail to indicate how, in the absence of [a judgment establishing their damages and the underinsured driver's liability], they were legally entitled to recover [uninsured motorist] benefits from State Farm at the time of State Farm's alleged breach. Consequently, State Farm cannot legally be held to have breached a contractual duty that never arose.").

The court dismisses, without prejudice, Duhaly's breach-of-contract claim for lack of subject-matter jurisdiction.

### B.     Duhaly's Negligence Claim

Cincinnati argues that Duhaly's negligence claim fails because it does not owe Duhaly a duty. (Docket Entry No. 37 at 12). Cincinnati argues that it is "simply the insurer for [Duhaly's] former employer," which does not impose a duty of care to Duhaly. (*Id.*). Duhaly has withdrawn his negligence claim against Cincinnati, explaining that "that claim sounds against the driver of the vehicle who struck the vehicle in which [Duhaly] was a passenger only." (Docket Entry No. 38 at 1).[2]

The court grants summary judgment to Cincinnati on the negligence claim.

### IV.    Conclusion

The court grants Cincinnati's motion for summary judgment as to Duhaly's negligence claim. (Docket Entry No. 36). The court dismisses, without prejudice, Duhaly's breach-of-

---

[2] In May 2019, the court denied Duhaly's motion to amend his complaint, (Docket Entry No. 31), which would have added Williams, the driver of the vehicle that struck the vehicle Duhaly was in, as a defendant. Because the court denied the motion to amend, the court strikes Duhaly's first amended complaint. (Docket Entry No. 19). By withdrawing his negligence claim against Cincinnati, Duhaly has withdrawn his only negligence claim in this case.

7

contract claim because, on the current record, the court lacks subject-matter jurisdiction to consider this claim. An order of dismissal is separately entered.

SIGNED on August 27, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge